In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00227-CR


______________________________




STEVEN NICHOLAS HUTSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 36077-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Steven Nicholas Hutson, appellant, has filed with this Court a motion to dismiss his appeal. 
The motion is signed by Hutson and by his counsel in compliance with Rule 42.2(a) of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 42.2(a). As authorized by Rule 42.2, we grant
the motion. 

 Accordingly, we dismiss the appeal.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 17, 2009 

Date Decided: February 18, 2009


Do Not Publish






ame="7"> 6673


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Billy Joe Carmon, Jr., attempts to appeal his conviction for sexual assault of a child. Carmon
pled guilty and was sentenced to ten years' imprisonment. Carmon's sentence was imposed
September 28, 2005. His notice of appeal was filed November 22, 2005. We received the clerk's
record March 15, 2006. The issue before us is whether Carmon timely filed his notice of appeal. 
We conclude that he did not and dismiss the attempted appeal for want of jurisdiction.
            A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The record does not contain any motion
for new trial. The last date Carmon could timely file his notice of appeal was October 28, 2005,
thirty days after the day the sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1). 
Further, no motion for extension of time was filed in this Court within fifteen days of the last day
allowed for filing the notice of appeal.
            Carmon has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          March 28, 2006
Date Decided:             March 29, 2006

Do Not Publish